In the Matter of BLOCH BROS. PAPER Co. INC., Plaintiff-Petitioner, against JAMES J. LARKIN, as City Marshal, et al., Respondents, and EFFICIENT DIRECT MAIL SERVICE INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, June 27, 1950.

*Gustave B. Garfield* for petitioner.

*David W. Kahn* for Consolidated Credit Corporation, respondent and third-party claimant.

Di Pirro, J.  By this proceeding, the respondent Consolidated Credit Corporation seeks to have delivered to it a quantity of merchandise levied upon by City Marshal Larkin under a judgment recovered by the plaintiff against the defendant above named.

Upon the hearing the issues resolved themselves into two sharp questions of fact; first, had the respondent ever acquired a factor's lien and second when was such lien acquired.

The testimony adduced at the hearing was in sharp conflict. The respondent claimed that a valid lien came into effect with the filing of a factor's lien in accordance with section 45 of the Personal Property Law in the office of the Register of the County of New York on February 21, 1950, and the plaintiff claimed that the lien was not effective as to it in view of its claim

that no sign was posted in accordance with section 45 until May 14, 1950.

However, I find by a fair preponderance of the credible evidence that the respondent filed a factor's lien in the office of the Register of the County of New York on February 21, 1950. This lien was filed against "Efficiency Direct Mail Service Inc." but subsequently and on April 6, 1950, a notice of amendment was filed in the Register's office correcting a typographical error so that the lien was directed against "Efficient Direct Mail Service Inc." This lien so filed was effective against all "printing paper, printing supplies, stock in trade, any and all merchandise in inventory, work in process of manufacture, all work completed and manufactured, and upon all accounts receivable now and hereinafter created and the proceeds obtained therefrom * * * located at 52 East 19th Street, Borough of Manhattan, City of New York."

The court likewise finds that a sign was properly posted and maintained in the offices of the defendant which sign complied with the requirements of section 45 of the Personal Property Law. This sign was so installed and maintained from early in March, 1950, and the testimony offered by the plaintiff's witnesses that they did not observe the sign does not of necessity indicate to me that the sign was not posted as required by law.

It thus follows that the respondent (Consolidated Credit Corporation) acquired a valid factor's lien and merchandise sold by the plaintiff to the defendant was sold subject to all of the terms and provisions of section 45 of the Personal Property Law.

The additional contention raised by the plaintiff to the effect that there was no proof that the respondent had advanced money to the defendant is clearly specious and devoid of any merit. The proof demonstrated that moneys had been advanced by the respondent to the debtor and that these moneys were due and owing.

The plaintiff strongly relies upon the case of *Irving Trust Co.* v. *Lindner & Bro.* (264 N. Y. 165). That case is clearly distinguishable from the facts in issue herein. In that case the Court of Appeals held (p. 175) that the factor "did not acquire the lien of a factor * * * inasmuch as it did not file and post the notice required" (referring to section 45 of the Personal Property Law). In the instant case, however, the statute was complied with in all respects. The fact that the factor's lien was originally filed against Efficiency Direct Mail Service Inc. instead of Efficient Direct Mail Service Inc. does not invalidate the factor's lien. The Legislature apparently realizing

that errors might be committed or omitted added a paragraph to this section which to the court seems to cover the situation involved herein. This paragraph reads as follows: " This section is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. Nothing in this section shall be construed as affecting or limiting any existing or future lien at common law or any rights at common law."

The plaintiff makes no claim that it was misled by such typographical error and in fact no proof of any kind was adduced on behalf of the plaintiff to indicate that it had sold and delivered merchandise to the debtor relying upon the fact that the factor's lien was against " Efficiency " and not " Efficient ".

It is to be noted in this regard that the address against which the lien was filed was the address of the debtor and no name similar to that of the debtor existed at the debtor's address.

It therefore follows that the claim of the respondent third party, Consolidated Credit Corporation, must be sustained and the marshal's levy against the merchandise vacated and the merchandise held to be the property of Consolidated Credit Corporation.