Richard J. Cardamone, J.
The defendant has moved to dismiss the plaintiff’s complaint for failure to state a cause of action under CPLR 3211 (subd. [a], par. 7) and the plaintiff has moved for summary judgment on its complaint pursuant to CPLR 3212.
On December 12, 1966 Ranalli Construction Inc. purchased a John Deere Model 350 Crawler Loader from the Melvin Tractor Equipment, Inc., under a time sale agreement. This contract was subsequently assigned to the plaintiff. Financing statements were filed with the Secretary of ¡State of the State of New York and the Onondaga County Clerk.
The defendant purchased the Crawler Loader from one Donald Ankliu during 1967; Anklin having acquired the equipment from the original debtor, Ranalli Construction Inc.
The plaintiff alleges that it has perfected its security interest in this Crawler Loader, and has brought this action demanding possession of the machine. The defendant alleges that it is entitled to possession of the Crawler Loader free and clear of plaintiff’s security interest. The basis of defendant’s contention is that the name Ranalli Construction Inc. was incorrectly filed because the name “ Ranalli ” was misspelled and the filing in the Secretary of State’s office was under the name “ Ranelli *873 Construction, Inc.”. The defendant has moved to dismiss the plaintiff’s complaint on the grounds that, since the security interest was not properly perfected, the complaint fails to state a cause of action.
The applicable statute is contained in article 9 of the Uniform Commercial Code. Under the statute a financing statement must be filed in order to protect a security interest in property not retained by the creditor (§ 9-302); a copy of the security agreement is sufficient as a financing statement if it contains the information which must be included in such a statement and is signed by both parties (§ 9-402, subd. [1]); filing consists of the presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer (§ 9-403, subd. [1]). The statement is indexed by the filing officer according to the name of the debtor (§ 9-403, subd. [4]); a security interest is perfected when all the applicable steps required for perfection have been taken (§ 9-303, subd. [1]). The proper place to file in order to perfect a security interest is in the Department of State and, if the original debtor has a place of business in only one county, then in the county in which the place of business is located as well as in the Department of State (§ 9-401, subd. [1], par. [c]).
Formal requisites for financing statements are contained in section 9-402 which provides in subdivision (3) thereof that the debtor’s name and address and the secured party’s name and address as well as the types of property covered should be set forth in the financing statement. Subdivision (5) of section 9-402 provides that ‘ ‘ A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading
Section 9-301 defines those persons who take priority over unperfected security interests, and paragraph (c) of subdivision (1) defines one to be a buyer not in ordinary course of business to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected. Knowledge is defined in subdivision (25) of section 1-201 as follows: “ a person ‘ knows ’ or has ‘ knowledge ’ of a fact when he has actual knowledge of it ’ ’.
The defendant is a buyer in the ordinary course of business who now has possession of the John Deere Crawler Loader. He states that he has no actual knowledge of the security interest of the plaintiff. The only remaining question is whether the filing in the Secretary of State’s office was perfected. If it was, the plaintiff’s security interest in the equipment is paramount; *874 if it was not, the plaintiff’s security interest will be subordinate to the rights of the defendant in possession.
Section 9-402 adopts a system of ‘ ‘ notice filing ’ ’ which merely indicates that the secured party which has filed may have a security interest in the collateral described. The purpose of the filed statement is to give sufficient information necessary to put a searcher on inquiry. The secured party has the duty to make sure of proper filing and indexing. (Matter of Platt, 257 F. Supp. 478, 482.)
Subdivision (5) of section 9-402 was added to make it clear that an immaterial error should not have the devastating effect reached in General Motors Acceptance Corp. v. Haley (329 Mass. 559), where “ E. B. Millen Co.” was held to be insufficient to identify “ E. B. Millen Co., Inc.”. A nonmisleading typographical error, subsequently corrected, was held not to invalidate a factor’s lien. (Matter of Bloch Bros. Paper Co. v. Larkin, 198 Misc. 669.) In Bloch the lien was originally filed against “ Efficiency Direct Mail Service, Inc.” but was subsequently amended so that it read ‘ ‘ Efficient Direct Mail Service, Inc.”. Similarly, the misspelling of a first name of the debtor “ Shelia ” instead of “Sheila ” is not misleading. (See Beneficial Fin. Co. v. Kurland Cadillac-Oldsmobile, Inc., 57 Misc 2d 806, 811.)
Here, however, an inquiry made by the defendant on October 3, 1968 to the filing officer of the Secretary of State against the name Banalli Construction Inc., revealed five different financing statements (in all of which “Banalli” was correctly spelled), no one of which covered the 350 Crawler Loader which is the subject of this litigation. A similar inquiry made by the plaintiff to the Onondaga County Clerk’s office on January 17, 1969 revealed the existence of the financing statement (with “Banalli” correctly spelled) on the 350 Crawler Loader in question. Obviously, in this day of volume filing, the exact spelling of the debtor’s last name is essential, since those that are correctly spelled will be revealed by a search and those where an exact spelling is not present on the financing statement may not necessarily be shown on a search. This is particularly true where the statement is indexed by the filing officer according to the name of the debtor (§ 9-403, subd. [4]). It is for this reason that ‘ ‘ A Guide to Filings ’ ’ issued by the Secretary of State’s office (September, 1965) in its instructions for filing a financing statement (Form UCC-1) at page 10 under “ Names Address’’ .states: “ If a New York corporation: Give corporate iíame exactly as in Certificate of Incorporation ”. Thus, where the debtor’s name was “ Borgwald ” and through an error was *875 misspelled and indexed by the plaintiff as “ Boywald ” such was held to be so misleading as to not constitute a filing at all. (National Cash Register Co. v. Valley Nat. Bank of L. Is., N. Y. L. J., June 3, 1968, p. 2, col. 4.) Similarly, where the debtor’s name was “ Kaplan ” and it was indexed under “ Kaplas ” such was held seriously misleading and the financing statement was held not to substantially comply with the requirements of the code (Bank of North Amer. v. Bank of Nutley, 94 N. J. Super. 220).
Under the circumstances here, the misspelling of the corporation debtor’s name is seriously misleading and amounts to no filing at all. The security interest of the plaintiff is, therefore, ineffective as to the defendant in possession.
The plaintiff’s motion for summary judgment is denied. The defendant’s motion to dismiss the plaintiff’s complaint is granted.