In the Matter of Burris Haley THOMAS, also known as West Coast Avionics, Bankrupt.

No. 118138.

United States District Court,
N. D. California.

March 2, 1970.

Robert C. Hays, Cross, Brandt, Hays & Brown, San Francisco, Cal., for creditor-petitioner.

Milton Maxwell Newmark, Lynn Anderson Koller, Lafayette, Cal., for Kerry M. Gough, trustee in bankruptcy-respondent.

*Opinion and Order Denying Petition for Review*

GERALD S. LEVIN, District Judge.

*Facts*

This action is before the court on the petition of Van Dusen Acceptance Corporation, a creditor of the bankrupt, seeking review of an order of the Referee declaring invalid a security interest asserted by Van Dusen.

Burris Haley Thomas filed a voluntary petition in bankruptcy on May 26, 1969, listing himself as "also known as West Coast Avionics." He listed Van Dusen as his only secured creditor, and some 60 additional creditors were listed as unsecured.

When the Referee's order was entered, on October 14, 1969, some 17 claims had been filed, listing the bankrupt in the following ways: "West Coast Avionics," "Burris Haley Thomas D.B.A. West Coast Avionics," and "Burris Haley Thomas."

Late in 1967, Van Dusen entered into a security agreement with Thomas.[1] The agreement is signed by the president of Van Dusen and by Thomas. The name "West Coast Avionics, Inc." is typed in as "Name of Value Dealer." Underneath this appears the signature "B. H. Thomas" as president. A second agreement was executed in March, 1968, and a third in April, 1968, both containing substantially the same form of signature by Thomas.[2]

---

1. Previously, in March, 1967, Van Dusen had received a report from Dun & Bradstreet stating that Thomas was in the process of incorporating.

2. In the second agreement, the word "Inc." was omitted.

Financing statements were filed by Van Dusen in May[3] of 1968. In one case, in the printed form in the space provided for "Debtor(s) name and address" there is typed in "West Coast Avionics, Inc. * * *." In the other statement the debtor is named as "West Coast Avionics."

The certificate from the California Secretary of State shows that some ten financing statements were filed and indexed with the name of the debtor as either West Coast Avionics or West Coast Avionics, Inc. One statement was filed and indexed simply with the name Thomas.

No articles of incorporation have ever been filed for any company or corporation bearing the name "West Coast Avionics." There is not now, and has never been, such an entity.

### Discussion

The trustee argues that, under California Commercial Code § 9402, the name of the debtor is indispensable, and that the failure to include the name "Thomas" in the space provided for "name of debtor" invalidates Van Dusen's claimed security interest.

Van Dusen contends that the business was commonly known to creditors as "West Coast Avionics," and the Referee found that Van Dusen thought that it was in fact dealing with a corporation. Van Dusen points out that on the certificate of the Secretary of State there is a space labelled "Debtor or Tradename."[4] Finally, Van Dusen argues that the omission of the name Thomas is only a "minor error" which should not invalidate its security interest.

California Commercial Code [Cal. Com.C.] § 9402 is drawn from the Uniform Commercial Code [U.C.C.] § 9–402. The two statutes are substantially the same, except for a provision appearing only in the California version[5] which states:

The financing statement *shall also set forth*: if the debtor is an individual, the address of his residence and the address of his chief place of business, if any; if the debtor is an organization, the address of its chief place of business, if any; if the debtor is doing business under a trade name or style, such trade name or style. * * a copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties. (Emphasis added.)

Both the U.C.C. and the Cal.Com.C. versions contain the following as the last paragraph thereof:

A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

The issue here is whether the financing statements substantially complied with the requirements of Cal.Com.C. § 9402 despite the deficiency above cited. We hold that they did not.

 In the first place, Cal.Com.C. § 9402 is couched in directory terms: "*shall* also set forth." Although this differs from the U.C.C. version, we cannot assume that the California legislature acted foolishly or inadvertently in including this requirement. Under a well established canon of construction, all the words of a statute are to be given effect whenever possible. See Wilshire Oil Company of California v. Costello, 348 F.2d 241, 243 (9th Cir. 1965). Accordingly, the failure to include a required fact under Cal.Com.C. § 9402

---

3. The precise dates are not clear from the copies before the court.

4. In fact, the Secretary of State does not maintain a separate index for both debtor and debtor trade names. One index is maintained for personal names and one for other than personal names.

5. From the evidence submitted to the court, it appears as though this provision is unique to the California version of the U.C.C.

may render a financing statement filed thereunder invalid.

■ In the second place, even were the California provision not directory, the deficiency complained of is both a major error and seriously misleading, rendering the financing statement not in substantial compliance with the requirements of Cal.Com.C. § 9402. We are not faced with the case where the error in the financing statement is so technical or minute as to be minor under any reasonable point of view.[6]

Here, the error frustrated the very purpose of the filing procedure, that of providing notice to would-be creditors who might search the indices of the Secretary of State seeking the name Thomas. And because of Van Dusen's error they would seek in vain. This is certainly "seriously misleading" within the meaning of Cal.Com.C. § 9402 and sufficient to invalidate Van Dusen's asserted security interest. Several cases, recently decided, support this conclusion. In re Uptown Variety, 6 U.C.C. Rep.Serv. 221, 225, 226, 227 (D.Ore.1969); In re Brawn, 6 U.C.C. Rep.Serv. 1031, 1035 (D. Maine 1969);[7] In re The Grape Arbor Inc., 6 U.C.C. Rep.Serv. 632, 633 (E.D. Pa.1969); John Deere Co. of Baltimore v. William C. Pahl Const. Co., 59 Misc.2d 872, 300 N.Y.S.2d 701, 704 (Sup.Ct. 1969).

As the court aptly pointed out in In re Uptown Variety, *supra*, at 226:

> In the Excel and Platt cases cited above, there was by name similarity some warning given to subsequent creditors. In the case before this Court, however, how could a subsequent creditor infer that "Northwestern Drug Co." meant "Leiblein" or that it meant "Uptown Variety"?

Similarly, how could any creditor infer that "West Coast Avionics" meant "Burris Haley Thomas"? The answer is that he could not.

The court shares with the Referee his concern with having to deny a good-faith creditor his security interest. The problem is that to do otherwise would nullify the value of the filing system as it now exists. Furthermore, in this case, Van Dusen could have ascertained the true status of Thomas—and of West Coast Avionics—by the simple expedient of a phone call or letter to the Secretary of State. This it did not do, and so as between the trustee in bankruptcy and the creditor, the latter must suffer. See In re Uptown Variety, *supra*, at 227: Cf. Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 648, 36 S.Ct. 466, 60 L.Ed. 841 (1916).

Accordingly, the order of the Referee is affirmed and the petition for review is denied.

It is so ordered.

---

6. See, e. g., In re Excel Stores, Inc., 341 F.2d 961, 963 (2d Cir. 1965) ("Excel Department Stores" instead of "Excel Stores, Inc."); In re Colorado Mercantile Co., 299 F.Supp. 55, 58–59 (D.Colo.1969) ("O. M. Scott Company" instead of "O. M. Scott Credit Corporation"); In re Platt, 257 F.Supp. 478, 481, 482 (E.D. Pa.1966) ("Platt Fur Co." instead of "Henry Platt"); National Cash Register Company v. Firestone & Co., 346 Mass. 255, 191 N.E.2d 471, 474 (1963) ("Cozy Kitchen" instead of "Kozy Kitchen"). *But see* Bank of No. America v. Bank of Nutley, 94 N.J.Super. 220, 227 A.2d 535, 548 (Sup.Ct.1967) ("Joseph Kaplas" instead of "Joseph Kaplan" held not in substantial compliance with applicable filing provision).

7. The only possible authority to the contrary is In re Kann, 6 U.C.C.Rep.Serv. 622, 631 (E.D.Pa.1969), where the court found a filing to be effective although the debtor was listed as "Landisville Frozen Food Locker" instead of "Frank S. Kann." There the court noted that there was neither allegation nor proof that anyone had been misled, and that a new trade style, "Kann's Food Market," had been in use only four days before the filing. The holding in this case is contrary to the explicit language in In re The Grape Arbor, *supra*, and was expressly disapproved in In re Brawn, *supra*, in which view this court is in accord.