J. Irwin Shapiro, J.
This is a motion ‘ ‘ for an Order directing the Assignee herein, Robert P. Herzog, forthwith to surrender and deliver to The National Cash Register Company (herein called ‘ NCR ’) the possession of two (2) ‘ National ’ cash registers bearing the serial numbers 8155267 and 8127354 respectively, and forthwith to pay over to NCR the sum of $450.00 as and for NCR’s legal expense ”. As the assignee for the benefit of creditors states, “ The material facts are not in dispute and are more or less conceded by both sides. ’ ’ He opposes the motion of The National Cash Register Company principally because Nara Non Pood Distributing Inc., which made a general assignment for the benefit of its creditors which was filed on December 10, 1969, was described in the financing statements filed by the National Cash Register Company to perfect its security interest as “ Nara Dist. Inc.”
In this connection, the assignee for the benefit of creditors relies upon the case of Deere Co. v. Pahl Constr. Co. (59 Misc 2d 872). That case contains an interesting discussion of the history of the adoption of article 9 of the Uniform Commercial Code and comes to the conclusion that the security interest of the plaintiff was ineffective because ‘1 the misspelling of the corporation debtor’s name is seriously misleading and amounts to no filing at all ” (p. 875). The mistake there was that the security interest was incorrectly filed because the name “ Ranalli ” was misspelled as ‘ ‘ Ranelli ’ ’ and therefore the filing in the office of the Secretary of State was under ‘ ‘ Ranelli Construction Inc.”
*780 The rigid construction adopted by the court in that case (p. 874) can be justified only because there “ an inquiry made by the defendant * * * to the filing officer of the Secretary of State against the name Ranalli Construction Inc., revealed five different financing statements (in all of which ‘ Ranalli ’ was correctly spelled), no one of which covered the 350 Crawler Loader which is the subject of this litigation.” Thus, there the proof established that the defendant made a search and by reason of the misspelling of the corporate debtor’s name was misled to its detriment. There is no such proof in this case.
Subdivision (5) of section 9-402 of the Uniform Commercial Code was adopted for the precise purpose of relieving persons holding security interests from the loss of their interests through immaterial errors and to overcome the holding in such cases as General Motors Acceptance Corp. v. Haley (329 Mass. 559) where “ E. R. Millen Co.” was held to be insufficient to identify “ E. R. Millen Co. Inc.” Thus, in Beneficial Finance Co. v. Kurland Cadillac-Oldsmobile (57 Misc 2d 806, 811) it was held that the misspelling of the first name of the debtor as “ Shelia ” instead of “ Sheila ” was not misleading. (See also in this connection Matter of Bloch Bros. Paper Co. v. Larkin, 198 Misc. 669, and Matter of Excel Stores, 341 F. 2d 961, 963.)
It is clear in this case that any creditor of Nara Non Food Distributing, Inc., or any other interested person, examining the record would find Nara Dist., Inc., and would be fairly put on notice that there might be an outstanding lien against the Nara intended.
The purpose of the adoption of the Uniform Commercial Code, insofar as this feature of it is concerned, was to eliminate and avoid technical requirements and pitfalls and the court should not by an illiberal construction, where no prejudice is shown, deprive the holder of a security interest of his property.
Under the circumstances, the motion is granted and the assignee is directed to surrender and deliver to the National Cash Register Company the possession of the two NCR registers bearing the serial numbers mentioned and described in the notice of motion. The application for counsel fees in connection with the making of this application is denied for I am not convinced that there is any authority in the court to make such an award.