In the Matter of Carl Lee McCOY, Jr.,
Bankrupt.
No. 19426-B-2.

United States District Court,
D. Kansas.

Aug. 23, 1971.

H. Newlin Reynolds, Hutchinson, Kan., for Mid-Plains Finance Co., Inc.

Orlin L. Wagner, Wichita, Kan., for bankrupt.

Bill R. Cole, Hutchinson, Kan., for Mrs. McCoy.

David G. Arst, Wichita, Kan., Appointed Trustee.

## MEMORANDUM AND ORDER

WESLEY E. BROWN, Chief Judge.

This Petition for Review arises out of an order of the Referee in Bankruptcy denying the reclamation petition of Mid-Plains Finance Co., Inc., seeking recovery of the bankrupt's business stock of merchandise and fixtures. The issue concerns the legal sufficiency of a financing statement filed by Mid-Plains in 1967 under applicable sections of the Uniform Commercial Code, as adopted by the State of Kansas. The relevant facts, as found by the Referee, are not in dispute:

In 1967 the bankrupt, Carl Lee McCoy, Jr., hereafter referred to as "McCoy", operated a retail furniture business at 108 South Main, Hutchinson, Kansas, doing business under the name of "McCoy Furniture and Appliance." On April 25, 1967, a financing statement was filed with the Kansas Secretary of State signed by McCoy over the typed designation "Carl L. McCoy, Jr., d/b/a McCoy Furniture and Appliance." Mid-Plains appears as the secured party and the signature of its manager is affixed to the statement. The typed description of the property covered by this financing statement was as follows:

"All stock of merchandise, including furniture, floor coverings, appliances, fixtures, accounts receivable now or hereafter owned or acquired."

In the upper lefthand corner of this financing statement the debtor's name and address appeared as follows:

"McCoy, Carl L. Jr. d/b/a McCoy Furniture & Appliance, 108 So. Main, Hutchinson, Kansas."

In August, 1967, McCoy's place of business burned down and he moved his store a few doors away to 105 South Main in Hutchinson, where he operated until June, 1969, under the same trade name of "McCoy's Furniture and Appliance."

In June, 1969, McCoy moved his business again, this time to 229 East Third Street, Hutchinson, where he operated under the trade name of "McCoy's Discount Furniture Warehouse" until bankruptcy intervened with the filing of his voluntary petition on October 1, 1970.

On February 21, 1970 McCoy executed a promissory note to Mid-Plains for $23,338.73 and a concomitant security agreement. Both were signed by McCoy with the designation "McCoy Furniture", and the security agreement indicated McCoy's address as 229 E. Third, Hutchinson. The collateral thus secured was described as follows:

> "All stock of merchandise, including furniture, floor coverings, appliances, fixtures, accounts receivable now or hereafter owned or acquired."

This security agreement was never filed of record, and the 1967 financing statement was not amended to reflect the new address of McCoy. It was admitted that a balance of $23,216.26 is owing Mid-Plains.

The Referee received in evidence various responses made by the office of the Kansas Secretary of State to inquiries made by counsel concerning financing statements which listed McCoy as debtor. A request which specified the debtor's name, "Carl L. McCoy, Jr.", at 20 W. 17th, Hutchinson (his home address) elicited a reply dated September 18, 1970, that there were no financing statements on file. A request specifying "McCoy, Carl Jr. d/b/a McCoy's Furniture and Appliance, 108 S. Main", brought information of Mid-Plains' 1967 filing and two other financing statements. Another request specifying "McCoy, Carl Jr. dba McCoy's Discount Furniture Warehouse, 229 E. 3rd", elicited the response that the only financing statement on file was that of a creditor other than Mid-Plains. Another request named "Carl L. McCoy, Jr. d/b/a McCoy's Discount Warehouse", *without specifying any particular street address*, produced information of the Mid-Plains financing statement and all other secured parties who had filed on McCoy at any of his Hutchinson addresses.

The Trustee contended that the changes in McCoy's trade name were misleading, and that the 1967 address of the debtor had long since been vacated by the time Mid-Plains acquired its February 21, 1970 security interest in the fixtures and inventory located at an entirely different address. The Referee found that the designation of the bankrupt's name in the financing statement was proper, irrespective of whatever trade name he used, and that the address was correctly stated as of the time the financing statement was filed, and remained effective through the first change of address since there was a "presumption" that mail would have been forwarded from the former address during the six months period of that removal. However, the Referee concluded, upon equitable grounds, that the efficacy of the 1967 financing statement expired once McCoy had made his second move; that it was not clearly apparent that the description of the security which appeared in the 1967 statement applied to inventory and materials on hand in 1970 since McCoy had suffered a complete fire loss in 1967, and more particularly, the Referee noted that Mid-Plains had failed to prove "that a creditor making inquiry of the Kansas Secretary of State, on the date of bankruptcy, concerning McCoy at his 229 East Third Avenue address would have been informed of the 1967 Mid-Plains filing."

While this court is bound to accept the Referee's findings of fact unless they are clearly erroneous, the same presumption of correctness does not apply to the Referee's conclusions of law, and this Court must make an independent examination and determination of

the ultimate conclusions of law to follow from the facts applicable to this case. After due consideration, the Court must conclude that the Referee incorrectly found that the validity of the 1967 financing statement in some manner "expired" due to McCoy's change of address in June, 1969.

Mid-Plains' 1967 financing statement fully complied with the requirements of the Uniform Commercial Code, as enacted by Kansas, K.S.A. 84–9–402(1), which states a financing statement is sufficient if it is signed by the parties, gives an address of the secured party from which information concerning the security interest may be obtained, describes the types or items of collateral, and "gives a mailing address of the debtor." [1]

K.S.A. 84–9–403(2) provides that financing statements, filed in proper form, are effective for a stated maturity date, or if none is stated, for a period of five years from the date of filing.

K.S.A. § 84–9–401(3), of significance here, provides that:

"A filing which is made in the proper place in this state continues effective *even though the debtor's residence or place of business* or the location of the collateral or its use, whichever controlled the original filing, *is thereafter* changed." [Emphasis supplied.]

As noted in the Official Comment to § 9–402 of the Code, this section adopts the principle of "Notice filing".

"What is required to be filed is not * * * the security agreement itself, but only a simple notice which may be filed before the security inter-est attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs."

█ In Rooney v. Mason (10th Cir. 1968) 394 F.2d 250, our Court of Appeals recently gave full effect to the "Notice" system of filing, and found that a statement, filed under § 9–402, as adopted by the State of Wyoming, was sufficient under the Code, even though it omitted the addresses of the parties. In this case, the McCoy statement was in fact in full compliance with the provisions of § 9–402; it contained McCoy's mailing address. The Court can not believe that a Kansas court would require a creditor to amend his financing statement simply because the debtor changed his address at a later date. See and compare: In re: Colorado Mercantile Co. (D.C.Colo.1969) 299 F.Supp. 55; Silver v. Gulf City Body and Trailer Works (5th Cir. 1970) 432 F.2d 992; In re Thomas (N.D.Calif.1970) 310 F.Supp. 338, and cases cited, f. n. 6, p. 340; and See Anno. 30 A.L.R.3rd 9, § 22, p. 73.

One further matter should be noted concerning proofs submitted with reference to the actions of the Kansas Secretary of State in response to various inquiries directed to his office concerning the McCoy financing statements of record. As noted, the Referee found that Mid-Plains had failed to prove that another creditor would have received actual notice of its security interest in McCoy's stock of merchandise. The Court does not believe that such burden of proof rested upon the creditor in this

---

1. § 84–9–402(1) provides in pertinent part:

"(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches * * * *"

instance. To hold otherwise would mean that any creditor, without actual notice, because of error in the registration office, could take precedence over a prior secured interest, which had been properly filed. The Kansas court has held that a secured party will not be prejudiced by failure of an official to perform his statutory duty. See T. B. Townsend Brick & Contracting Company v. Allen (1900), 9 Kan.App. 230, 59 P. 683 (reversed on other grounds), 62 Kan. 311, 62 P. 1008.

In connection with the evidence of various replies received from the Kansas Secretary, § 84–9–403(4) sets out the duties of the filing officer:

"A filing officer shall mark each statement with a consecutive file number and with the date and hour of filing and shall hold the statement for public inspection. In addition the filing officer shall index the statements *according to the name of the debtor* and shall note in the index the file number and the address of the debtor given in the statement." [Emphasis supplied.]

In the State of Kansas, the index of financing statements is thus by the *name* of the debtor. In this instance, as the Referee found, an inquiry directed to the Secretary, listing the bankrupt's name alone, without address, resulted in information concerning the Mid-Plains financing statement and all other parties who had filed on McCoy at any of his Hutchinson addresses.

The Court concludes that Mid-Plains had a perfected security interest in McCoy's stock of merchandise and fixtures at the time bankruptcy intervened, and therefore, the reclamation petition of Mid-Plains should have been granted. Accordingly,

This matter is remanded to the Referee with directions that he enter an Order Sustaining and Granting the Reclamation Petition of Mid-Plains Finance Co., Inc.