In the Matter of Burris Haley THOMAS, also known as West Coast Avionics, Bankrupt.

VAN DUSEN ACCEPTANCE CORPO-RATION, Appellant,

v.

Kerry M. GOUGH, Trustee in Bank-ruptcy and Appellee.

No. 25848.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1972.

Robert C. Hays (argued), of Cross, Brandt, Hays & Brown, San Francisco, Cal., for appellant.

Lynn Anderson Koller (argued), Milton Maxwell Newmark, Lafayette, Cal., for appellee.

Before: DUNIWAY and TRASK, Circuit Judges, and FERGUSON,* District Judge.

DUNIWAY, Circuit Judge:

Appellant Van Dusen Acceptance Corporation claims a security interest in certain personal property of the bankrupt Thomas. That interest was declared invalid by the trial court, on application of the Trustee in Bankruptcy, because the financing statement did not meet the California statutory requirements for perfecting such an interest. In re Thomas, N.D.Cal., 1970, 310 F. Supp. 338. We affirm.

To perfect a security interest of the type here involved, § 9401(1)(c) of the California Commercial Code requires that a financing statement be filed with the Secretary of State. The content of the statement is prescribed by § 9402(1), which provides in pertinent part:

"A financing statement is sufficient if it is signed by the debtor and by the secured party, gives the name and mailing address of the secured party, the name and mailing address of the debtor and contains a statement indicating the types of collateral or describing the items of collateral. The financing statement shall also set forth: if the debtor is an individual, the address of his residence and the address of his chief place of business, if any; if the debtor is an organization, the address of its chief place of business; if the debtor is doing business under a trade name or style, such trade name or style. . . . A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties."

The first sentence is taken from, but is a modification of, the first sentence of the Uniform Commercial Code (1962

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

Official Text), § 9–402. The second sentence was added by the California Legislature. See West's Ann.Cal. Comm.Code § 9402, Comment.

In the financing statements here involved, the correct name of the debtor, Burris Haley Thomas, was not given. The debtor was listed in the financing statement only as West Coast Avionics. There was no legal entity of that name, which was merely a trade name used by Thomas for his business.

Van Dusen argues that its secured interest is nevertheless valid because (1) the California statute requires only that either the real name or the trade name of the debtor be given, not both; (2) omission of the debtor's name was a minor, non-misleading error which did not prevent the financing statement from being in substantial compliance with § 9402; and (3) at any rate no creditor was injured and the trustee therefore cannot complain. We cannot accept Van Dusen's contentions.

First, we need not decide whether the California statute requires that both the real name and the trade name of the debtor be given if a filed financing statement is to perfect a security interest. It is clear that at the very least the real name of the debtor is necessary. The first sentence of the section, which requires the debtor's name, states "A financing statement is sufficient if it . . . gives the name . . . of the debtor. . . ." The provision for setting forth the trade name and style of the debtor is in addition to, not a substitute for, the debtor's name. The statute says: "The financing statement shall *also* set forth . . . such trade name or style. . . ." [Emphasis added.] If the debtor's name is not given, the purpose of the statutory scheme of requiring security interest to be perfected by filing a financing statement—to give notice to future creditors of the debtor—would be seriously undermined. Here, the debtor's real name was not given as required by § 9402, and consequently the financing statement did not comply with the statute. Whether the California legislature intended to require that a financing statement also contain the trade name of the debtor in order to be valid is a question we do not decide;[1] we hold only that the omission of a debtor's real name is a fatal defect.

Van Dusen's second contention is that even if the omission of Thomas' real name was a violation of § 9402(1) the financing statement was nevertheless validated by § 9402(5): "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Van Dusen argues that, because the debtor's trade name was used and was widely known, and the security interest was indexed under that name, the error was minor and not seriously misleading. Again, we cannot agree. The statutory scheme is designed to provide a system whereby a potential creditor will be able to ascertain whether the potential debtor's property is burdened with security interests.[2] It can hardly be said to be a "minor error" when a potential creditor of Burris Haley Thomas searches the index under "Thomas" and finds no notice of a security interest because that notice

---

1. The California courts have not yet ruled on the question whether the additional information required by the California legislature in the second sentence of § 9402(1) is essential to perfecting a security interest, or whether the new provision was designed only as a convenience to interested parties who later search the notice index for liens on a particular debtor's property. We decline to offer dictum on that question.

2. Section 9403(4) of the California Commercial Code requires the filing officer, upon receipt of the financing statement, to index the statement according to the name of the debtor given in the statement.

is filed under "West Coast Avionics." [3] Under the statute, a potential creditor who knows the debtor's real name can protect himself by checking the index under that name. He is protected from claims of "secured" creditors who failed to file a financing statement giving that name as required by § 9402. The secured party, not the debtor or uninvolved third parties, has the duty of insuring proper filing and indexing of the notice.

Van Dusen's final contention is that even if the omission of the debtor's real name is a serious error entitling a misled creditor to relief, there was no such misled creditor here. It is urged that, because no one was actually injured by the noncompliance with § 9402, Van Dusen's security interest is valid against the trustee. However, in litigation of this type a trustee in bankruptcy is treated as an ideal hypothetical lien claimant as of the date of the bankruptcy. 11 U.S.C. § 110(c); Sequoia Machinery, Inc. v. Jarrett, 9 Cir., 1969, 410 F.2d 1116, 1119. It is not determinative that no actual creditor was misled. Miller v. Sulmeyer, 9 Cir., 1959, 263 F.2d 513, 515. An ideal hypothetical creditor would not have discovered Van Dusen's lien by examining the notice index under the debtor's real name. Therefore, the trustee is entitled to challenge the validity of Van Dusen's asserted security interest.

Affirmed.

3. The reported decisions dealing with the effect of a financing statement which misnames the debtor hold generally that if the name on the statement is materially different from the debtor's real name, the filing is fatally defective. In re Eichler, E.D.Wis., 1971, C.C.H. Bankruptcy Law Reports ¶64,205; In re Merrill, D.Neb., 1971, 9 U.C.C. Rept. Serv. 757; In re Levin, E.D.N.Y., 1970, C.C.H. Bankruptcy Law Reports ¶63,556; John Deere Co. of Baltimore v. William C. Pahl Construction Co., 1971, 59 Misc.2d 872, 300 N.Y.S.2d 701; In re Osborn, W.D.Mich., 1969, 6 U.C.C. Rept. Serv. 227; In re Brawn, D.Me., 1969, 6 U.C.C. Rept. Serv. 1031; National Cash Register Co. v. Valley National Bank of Long Island, N.Y.Sup.Ct., N.Y.Cty., 1968, 5 U.C.C. Rept. Serv. 396; Bank of North America v. Bank of Nutley, 1967, 94 N.J.Super. 220, 227 A.2d 535. On the other hand, if the name as it appears on the financing statement is only slightly different from the debtor's real name, the courts have found substantial compliance because an interested party searching the record would be placed on inquiry by such an entry. In re Excel Stores, Inc., 2 Cir., 1965, 341 F.2d 961; In re McCoy, D. Kan., 1971, 330 F.Supp. 533; In re Platt, E.D.Pa., 1966, 257 F.Supp. 478; National Cash Register Co. v. Firestone & Co., 1963, 346 Mass. 255, 191 N.E.2d 471. In our case, the name did not appear.