**In the Matter of CLAIRMONT PHARMA-CY, INC., d/b/a Clairmont-Skyland Pharmacy and (DeKalb County) Rockbridge Pharmacy (Gwinnett County), Bankruptcy.**

**Bankruptcy No. B78–2163A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Feb. 11, 1981.

Robert P. Lipman and Leslie P. George, Atlanta, Ga., for petitioner.

Robert A. Sneed, Decatur, Ga., for respondent.

## MEMORANDUM IN SUPPORT OF ORDER

A. D. KAHN, Bankruptcy Judge.

At issue on the hearing of Roswell Bank's apparent motion for summary judgment in the above-styled bankruptcy proceeding is the perfection of its security interest. The problem has arisen because of a misstatement of the bankrupt's name on the financing statement on which Roswell Bank relies.

Essential facts are not in dispute. The name of the bankrupt appearing in the appropriate space on the financing statement is "Clairmont Skyland Pharmacy, Inc." The voluntary petition shows that the bankrupt was doing business as "Clairmont-Skyland Pharmacy" and "Rockbridge Pharmacy," although the latter name is not important for purposes of this motion. This court may enter judgment for movant, Roswell Bank, if movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The law governing the instant issue is as follows:

A financing statement is sufficient if it gives the names of the debtor . . .

*Ga.Code Ann.* § 109A–9–402(1) (Supp.1980).

A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it

adds other trade names or the names of partners. . . .

*Ga.Code Ann.* § 109A–9–402(7) (Supp.1980).

A financing statement substantially complying with the requirements of this Section is effective even though it contains minor errors which are not *seriously misleading.* (emphasis added)

*Ga.Code Ann.* § 109A–9–402(8) (Supp.1980).

*Ga.Code Ann.* § 109A–9–402(1) and *Ga. Code Ann.* § 109A–9–402(7) set forth the formal requirements for financing statements, and *Ga.Code Ann.* § 109A–9–402(8) applies when a question of compliance with those formal requirements arises. *See In Matter of Excel Stores, Inc.,* 341 F.2d 961 (2d Cir. 1965); *Borg-Warner Acceptance Corp. v. Fedders Financial Corp. (In Matter of Rex L. Hammons),* 614 F.2d 399 (5th Cir. 1980); *In Re A & T Kwik-N-Handi, Inc.,* 12 U.C.C.R.S. 765 (Ga.Ref.M.D.1973).

The financing statement relied on by Roswell Bank appears to substantially comply with the formal requisites of *Ga.Code Ann.* § 109A–9–402, as the only disputed portion of the statement is the name of the bankrupt. The issue for decision is thus whether the defective listing of the bankrupt's name on the financing statement is merely a minor error that is not seriously misleading. *Ga.Code Ann.* § 109A–9–402(8) (Supp.1980).

The bankrupt, Clairmont Pharmacy, Inc., was doing business as "Clairmont Skyland Pharmacy." The name appearing on the financing statement was "Clairmont Skyland Pharmacy, Inc." The only difference in the true name of the bankrupt and the recording of the name on the financing statement was the addition of the word "Skyland," which was inserted after the first word of the bankrupt's name, Clairmont.

█ The name "Clairmont Skyland Pharmacy, Inc." is sufficiently related to the name of the bankrupt "Clairmont Pharmacy, Inc." so as to give notice of a possible prior existing security interest to anyone searching the records. *Borg-Warner, supra.*

This court holds that the erroneous recording of the bankrupt's name as "Clairmont Skyland Pharmacy, Inc." on the financing statement was a minor error and not seriously misleading so as to prevent the perfection of Roswell Bank's security interest. *Ga.Code Ann.* § 109A–9–402(8) (Supp.1980). *See Excel Stores, A & T Kwik-N-Handi, Borg-Warner, supra; In Re Nara Non Food Distributing Inc.,* 322 N.Y.S.2d 194, 9 U.C.C. R.S. 747 (Sup.Ct.1970), *aff'd* 36 App.Div.2d 796, 320 N.Y.S.2d 1014 (1971); *In Matter of Scott Pharmacy of Georgia, Inc.,* No. 62859 (Ga.Ref.N.D., Nov. 15, 1968).[1]

This case is distinguishable from *In Re Firth,* 363 F.Supp. 369 (M.D.Ga.1973). In that case there was a complete dissimilarity between the trade name listed on the financing statement and the name of the bankrupt. Nor is this case like *Citizens Bank v. Ansley,* 467 F.Supp. 51 (M.D.Ga.), *aff'd,* 604 F.2d 669 (5th Cir. 1979), in which the bankrupt was an individual and the name of a business was listed on the financing statement.

█ This decision is based on the facts of this particular case. The result does not compromise the notice filing system on which much financing depends. The Uniform Commercial Code (*Ga.Code Ann.* § 109A *et seq.* (1979)) as enacted in Georgia does not require "perfect" filing statements. When a financing statement contains a minor error that is not seriously misleading, such as the one in this case, a creditor's security interest may not be defeated by third parties.

An appropriate order is entered contemporaneously herewith.

1. For a comprehensive discussion, *see* Annot. 99 A.L.R.3d 478 (1980).