■ TMMB FUNDING CORP., Respondent, v ASSOCIATED FOOD STORES, INC., Appellant.—In an action to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated April 17, 1987, which denied its motion for summary judgment and granted the plaintiff's cross motion for summary judgment in favor of the plaintiff and against it on the issue of liability and set the matter down for trial on the issue of damages.

Ordered that the order is affirmed, with costs.

On June 24, 1983, the defendant entered into a security agreement with "The Kohn's Supermarket, Inc." (hereinafter the debtor) in which the defendant agreed to supply inventory to the debtor. Pursuant to the agreement, the defendant's interest was secured by collateral represented by the debtor's inventory, fixtures, equipment and leasehold. In connection with this agreement, the defendant filed the appropriate financing statements pursuant to UCC 9-403 in order to perfect its security interest in the debtor's property. The debtor's incorporation receipt, the security agreement, and the financing statements all described the debtor's name as "The Kohn's Supermarket, Inc.".

On December 1, 1983, the plaintiff entered into an agreement with the debtor in which the plaintiff loaned money to the debtor for the debtor's purchase of an oven, showcase and freezer. The plaintiff and the debtor similarly entered into a security agreement in which the plaintiff preserved an interest in the previously described equipment. The security agreement, the financing statement perfecting the plaintiff's interest and the monthly checks all described the debtor as "Kohn's Supermarket d/b/a Best K Foods, Inc.".

Thereafter, the debtor incurred an indebtedness to the defendant which the debtor was unable to satisfy. The debtor admitted its default and surrendered its store premises to the defendant. The defendant retained an auctioneer to conduct a sale of the collateral. Notice of the sale was sent by the auctioneer to all parties who had filed financing statements against the debtor under the name of "The Kohn's Supermarket, Inc.". While four creditors were notified, the plaintiff did not receive notice of the sale. No bidders other than the defendant appeared at the sale and the defendant bought the collateral for the sum of $10,000.

The plaintiff commenced an action alleging it had perfected its security interest in the debtor's property by filing the appropriate financing statement pursuant to UCC article 9 and therefore the defendant converted the property in which the plaintiff had a secured interest. The defendant moved for summary judgment alleging that the plaintiff's financing statement was invalid and fatally defective. The defendant contends that the debtor's name of incorporation is "The Kohn's Supermarket, Inc." and, therefore, the plaintiff's financing statement, which indicated the debtor's name was "Kohn's Supermarket d/b/a Best K Foods, Inc.", was not in substantial compliance with UCC 9-402 (1). Furthermore, the defendant contends that the error in describing the debtor's

name was not "minor" and was "seriously misleading" within the meaning of UCC 9-402 (8). The plaintiff cross-moved for summary judgment alleging that the defendant was put on notice by the financing statement; the defendant had actual notice that the debtor conducted business as "Kohn's Supermarket" and, therefore, the plaintiff substantially complied with UCC 9-402 (1).

In order to give protection to a holder of a security interest, the Uniform Commercial Code establishes a notice procedure by which information becomes available to prospective lenders or purchasers, disclosing the encumbrances of title upon chattels *(see,* UCC 9-402 *et seq.).* Subdivision (1) of UCC 9-402 states that "[a] financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor * * * and contains a statement indicating the types, or describing the items, of collateral". With respect to naming the debtor, UCC 9-402 (7) states "[a] financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners". Finally, UCC 9-402 (8) provides "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading". At bar, the only dispute between the parties with respect to the plaintiff's financing statement is whether it sufficiently named the debtor.

"The purpose of a notice-filing statute is to give protection to a creditor by furnishing to others intending to enter a transaction with the debtor a starting point for investigation which will result in fair warning concerning the transaction contemplated" *(Beneficial Fin. Co. v Kurland Cadillac-Oldsmobile,* 32 AD2d 643, 645; *see, Matter of Pasco Sales Co.,* 52 AD2d 138, 143; UCC 9-402). In reaching the conclusion that the plaintiff's financing statement was sufficient to give notice, we implement the policy of the UCC that the law governing commercial transactions be simplified and modernized, and liberally construed to achieve that objective (UCC 1-102 [1], [2]).

When determining whether an inaccuracy in the naming of the debtor in the financing statement was a "minor error" which was not "seriously misleading" a court must ask whether a reasonably diligent searcher would be likely to discover a financing statement indexed under the correct name (White and Summers, Uniform Commercial Code § 23-16, at 957-958 [2d ed 1980]). In this regard the inquiry must

question the extent of the discrepancy between the debtor's true name and that indicated on the financing statement so as to determine whether the filing gave the minimum information necessary to put any searcher on inquiry *(see, Matter of Leichter,* 471 F2d 785, 787; *Matter of Excel Stores,* 341 F2d 961).* It must be noted that this case is not simply an instance of a creditor misspelling the debtor's name which would unreasonably burden the searcher's inquiry *(see, Deere Co. v Pahl Constr. Co.,* 34 AD2d 85, 88; *National Cash Register Co. v Mishkin's 125th St.,* 65 Misc 2d 386).

The present facts indicate that the plaintiff's financing statement listed the debtor's name as "Kohn's Supermarket d/b/a Best K Foods, Inc.". The name of incorporation of the debtor was "The Kohn's Supermarket, Inc." and the defendant conducted a search of this name only. This discrepancy is not so substantial that it would be unfair to the defendant to hold that the name used by the plaintiff substantially complied with the filing requirements of UCC 9-402. The record supports the court's finding that the defendant had actual notice that the debtor was conducting business as "Kohn's Supermarket". The debtor surrendered the premises to the defendant and the defendant had complete access to the debtor's business records which would evidence the plaintiff's business dealings, i.e., the security agreement, financing statements and notes, with plaintiff. Furthermore, signs outside and within the debtor's place of business read "Kohn's Supermarket".

Having determined that the plaintiff's financing statement was sufficient and observing that the defendant has admitted its purchasing and disposing of the property in which the plaintiff had a secured interest, it may be concluded as a matter of law that the defendant exercised unauthorized dominion over the plaintiff's property and, therefore, the plaintiff established its cause of action. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.