■ FIRST MANUFACTURED HOUSING CREDIT CORPORATION, Respondent, v CLARKSON MOBILE HOME PARK, INC., Appellant. —Mercure, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 8, 1988 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment.

Plaintiff claims a security interest in a 1976 Metamora mobile home, alleged to have been created in an April 1982 retail installment contract. Examination of the instrument shows the names "Gail Keaton" and "Kenneth C. Keaton" to have been typed in the portion designated "BUYER", but the actual signatures at the bottom read "Charline Gail Keaton" and "Kenneth Keaton". The retail installment contract was assigned to plaintiff, and financing statements were filed in Wyoming County and Monroe County designating "Kenneth C. Keaton" and "Gail Keaton", respectively, as debtors. At some later time, a person known to defendant as "Charlene Keaton" moved the collateral on to a lot in defendant's mobile home park. Defendant brought a summary proceeding pursuant to RPAPL article 7 against "Charlene Keaton", obtained a money judgment for rent due and levied against the mobile home, ultimately taking title at a Sheriff's sale in September 1987.

Plaintiff commenced this action to recover the amount due under its security agreement or possession or the market value of the collateral. Defendant's answer asserted as an affirmative defense, *inter alia,* that plaintiff improperly filed

the financing statement in the name of Gail Keaton. Following joinder of issue, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not have a security interest in the mobile home; plaintiff cross-moved for summary judgment for the relief demanded in the complaint. Supreme Court denied the motion and granted the cross motion, finding as a matter of law that the financing statement filed under the name "Gail Keaton" gave defendant adequate notice of plaintiff's security interest in the mobile home. Defendant appeals, contending that the financing statement was defective and that, as a result, plaintiff's security interest was subordinate to its interest in the mobile home.

Preliminarily, we find as a matter of law that the actual name of the person who gave plaintiff a security interest in the mobile home and against whom defendant obtained its judgment is "Charline Gail Keaton", the name uniformly used when she signed the various documents in the record. Contrary to plaintiff's assertion, no competent evidence has been adduced that her name is otherwise. Therefore, the financing statement filed in Monroe County against "Gail Keaton" misstates the debtor's first name and is inaccurate. The question then becomes whether the error in the financing statement was "minor" and "not seriously misleading" and, accordingly, can be ignored (UCC 9-402 [8]). "When determining whether an inaccuracy in the naming of a debtor in the financing statement was a 'minor error' which was not 'seriously misleading' a court must ask whether a reasonably diligent searcher would be likely to discover a financing statement indexed under the correct name * * *. In this regard the inquiry must question the extent of the discrepancy between the debtor's true name and that indicated on the financing statement so as to determine whether the filing gave the minimum information necessary to put any searcher on inquiry" (TMMB Funding Corp. v Associated Food Stores, 136 AD2d 540, 542-543).

Applying this analysis, we determine, first, that a reasonably diligent searcher would have discovered a financing statement indexed under the name "Charline Gail Keaton". The minor deviation between "Charlene", the spelling employed by defendant, and "Charline" would have given the minimum information necessary to put any searcher on inquiry (see, Beneficial Fin. Co. v Kurland Cadillac-Oldsmobile, 57 Misc 2d 806, 811, revd on other grounds 32 AD2d 643 [misspelling of debtor's first name as "Shelia" instead of "Sheila" determined to be a minor error]). Since records are

indexed alphabetically (UCC 9-403 [4]; *see, Deere Co. v Pahl Constr. Co.,* 34 AD2d 85, 89), we further conclude that the use of the incorrect first name "Gail" on the financing statement would have prevented its discovery absent an examination of all statements indexed against the last name "Keaton", an unreasonable burden in this case *(see, Central Natl. Bank & Trust Co. v Community Bank & Trust Co.,* 528 P2d 710 [Okla] [security agreement filed against "Lee Anderson" held not to perfect security interest in collateral owned by "James Anderson"]; *see also, Deere Co. v Pahl Constr. Co., supra).* Notably, plaintiff concedes that the signature "Charline Gail Keaton" was clearly and legibly affixed to both the retail credit application and the retail installment contract and that it was not misinformed as to the debtor's actual name.

As a final matter, the contention that the security interest was properly perfected by virtue of filing the financing statement naming "Kenneth Keaton" as debtor ignores the fact that this filing gave no notice of a lien against Charline's interest in the mobile home *(see, Deere Co. v Pahl Constr Co., supra).* Moreover, there is no evidence in the record that Kenneth Keaton ever acquired any interest in the collateral, a prerequisite to attachment of any security interest *(see,* UCC 9-203 [1] [c]).

Order reversed, on the law, with costs, cross motion denied, motion granted and complaint dismissed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.