Richakd D. Simons, J.
The question is whether a filed financing statement covering “ motor vehicles ” is sufficiently specific under section 9-402 of the Uniform Commercial Code to perfect the security interest of a bank loaning on a chattel mortgage for three named automobiles as opposed to the interest of the seller of the automobiles who received payment for those cars by way of a worthless check.
On May 17, 1965, the plaintiff and Worden Motors both executed and filed a financing statement securing advances made on “ motor vehicles ”, That statement was effective for five years or until terminated by the parties. (Uniform Commercial Code, § 9-404.) It has not been terminated.
On July 25,1967, the defendant sold Worden three automobiles for the sum of $3,100 and received back Worden’s check in that amount. On July 26,1967, the plaintiff advanced Worden $2,730 *114 and took back a wholesale chattel mortgage on the three automobiles in question. Worden’s check to the defendant was returned without payment because of insufficient funds. On August 25, 1967, the defendant repossessed two of the vehicles from Worden, the third having been sold.
Under the statute, a financing statement may create a security interest “ before a security agreement is made or a security interest otherwise attaches. ” A financing statement is sufficient if it indicates the typés or describes the items of collateral. (Uniform Commercial Code, § 9-402.) This is the so-called “notice filing” provision of the new statute as distinguished from the former practice of instrument filing. The purpose of filing is to put the public generally on notice of a prior interest in collateral so that inquiry can be made.
It is the argument of the defendant that the financing statement of May, 1965 could not create a security interest in plaintiff. That is true. The security interest was created by the chattel mortgage signed June, 1967 but the financing statement gave notice sufficient to create priority for plaintiff’s claim.
Defendant further urges that this statement could not cover after-acquired property, or, in the alternative, that it should have specifically stated that it did. The purpose of the statute is to avoid the real estate type of closing where all parties go to the Clerk’s office, check the records, execute the financing statement and file it, secure in the knowledge that the creditor has first priority. The statute was designed to allow a creditor to pre-empt first rights against the borrower. It is particularly convenient in cases such as this where the security is stock in trade which is constantly changing.
Adding the words “ after-acquired ” to the description of the collateral may be advisable, but it is not required and in this case particularly, it is difficult to see what it would have added. The debtor was a retail automobile agency. Obviously, it was buying and selling motor vehicles in the pursuit of that business. Presumably, the financing statement would not have been signed under an assumed name if it covered personal vehicles. The financing statement was sufficient notice under section 9-402 of the Uniform Commercial Code to perfect the security interest of plaintiff in the automobiles.
The case of Girard Trust Corn Exch. Bank v. Warren Lepley Ford, Inc. (No. 2) (13 D. & C. 2d 119 [Pa.]) cited by defendant is distinguishable. Priority with respect to certain automobiles was denied in that case because the financing statement contained words of limitation excluding them. The plaintiff’s financing statement in this case is all-inclusive.
*115 This case came on for trial and the parties stipulated that the court decide the case solely on the pleadings, exhibits and examination before trial of the interested parties. I have done so without further evidence.
Plaintiff is entitled to judgment for the value of the mortgaged automobiles as of the date of conversion, August 25, 1967, plus interest and costs. An inquest is ordered for the purpose of liquidating the damages.