JOHN DEERE COMPANY OF BALTIMORE, INC., Appellant, v. WILLIAM C. PAHL CONSTRUCTION CO., INC., Respondent.

Fourth Department, April 9, 1970.

*Costello, Cooney & Fearon* (*Angela E. Struglia* of counsel), for appellant.

*Mackenzie, Smith, Lewis, Michell & Hughes* (*Gay M. Pomeroy* of counsel), for respondent.

GOLDMAN, P. J.   Plaintiff John Deere Company of Baltimore, Inc. (hereinafter " Deere ") appeals from orders which granted motion of defendant William C. Pahl Construction Co., Inc., (hereinafter " Pahl ") to dismiss the complaint and denied plaintiff's cross motion to dismiss the defenses and for summary judgment.   We concur with Special Term's disposition of the matter.

The legal question involved in this appeal is the construction of article 9 of the Uniform Commercial Code, and particularly the provision regarding the financial statement which must be filed to protect a security interest in property not retained by the creditor (§ 9–302).   (All section references herein made are to the code.)   The essential facts are uncomplicated and not in dispute.

On December 12, 1966 Ranalli Construction, Inc. (hereinafter " Ranalli ") purchased a Deere crawler loader from an equipment dealer, Melvin Tractor Equipment, Inc. (hereinafter " Melvin "), under a time sales agreement and Ranalli granted to Melvin a security interest in the crawler loader.   Four days later Melvin assigned to John Deere Company of Syracuse, Inc., (hereinafter " Syracuse Deere "), plaintiff's local representative, its rights under the sales agreement.   Syracuse Deere then assigned the contract to the plaintiff Deere.   On December 23, 1966 a financing statement was filed by the plaintiff with the New York Secretary of State and a copy of the statement was thereafter, on December 27, 1966, filed with the County Clerk of Onondaga County, in which county Ranalli had its place of business.   The double filing was an effort on plaintiff's part to comply with the requirements for filing financial statements in order to perfect a security interest (§ 9–401, subd. [1], par. [c]).   Thereafter Ranalli leased or sold the equipment to one Anklin, who in turn sold it to the defendant Pahl, who was a buyer not in the ordinary course of business and who purchased it " in good faith and without knowledge that the sale to him [was]

in violation of the ownership rights or security interest of a third party '' (§ 1–201, subd. [9]). The original purchaser, Ranalli, then defaulted in the installment payments and plaintiff brought this action for the unpaid balance of the purchase price.

The litigation centers about the financing statement which was filed with the Secretary of State. The plaintiff filed a handwritten statement which was not on the official form recommended by the Secretary of State but was on a nonstandard form which was part of the original sales contract. The Department of State read the debtor's name as Ranelli Construction, Inc., prepared a form for its files with that spelling and filed it as Ranelli. In keeping with the standard practice of the Department when a nonstandard form is submitted for filing, the State Department prepared a three-part form and sent the second part to the plaintiff as an acknowledgment. This copy which plaintiff received carried the debtor's name as Ranelli. This fact, in our view, is most impelling in arriving at our determination. While we cannot be as certain as Special Term that the name Ranelli as submitted by the plaintiff to the Secretary of State '' was legible and clear '', the writing on the statement was sufficiently illegible or confused as to have caused the Department to read it as Ranelli and to so file it. This cannot be characterized, as plaintiff urges, as a clerical or typographical error and not seriously misleading. Nor can we agree with the plaintiff that the mistake resulted solely from the actions of the Department.

The code provides that '' an unperfected security interest is subordinate to the rights of * * * [a] buyer not in the ordinary course of business * * * [who] gives value * * * without knowledge of the security interest and before it is perfected '' (§ 9–301, subd. [1], par. [c]). The basic issue is whether the financing statement is invalid because the debtor's name was so illegibly written that the Department of State interpreted the name as Ranelli. Subdivision (1) of section 9–402 provides for the information which must be given in a '' sufficient '' statement and subdivision (3) of section 9–402 provides an example of a form complying with subdivision (1). From these sections it naturally follows that the name of the debtor must be legible which, in the instant case, it clearly was not and plaintiff concedes that the statement was not '' in the best of script ''. However, plaintiff argues that subdivision (5) of section 9–402 specifically exonerates it from this '' harmless '' error in providing that '' A financing statement sub-

stantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading ''. The Official Comment to this subdivision (McKinney's Cons. Laws of N. Y., Book 62½, Pt. 3, Uniform Commercial Code, p. 566) states that the reason for excusing minor errors is '' to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves '' (citing *General Motors Acceptance Corp.* v. *Haley*, 329 Mass. 559, where the court clearly exalted form over substance by invalidating an effective financing statement which contained a trivial and immaterial error). Examples of such minor errors are found in many cases, a few of which are: *Matter of Excel Stores* (341 F. 2d 961) (Excel Department Stores rather than Excel Stores, Inc.); *Sales Finance Corp.* v. *McDermott Appliance Co.* (340 Mass. 493) (McDermott Appliance Co., Inc., rather than McDermott Appliance Company, Inc.); *National Cash Register Co.* v. *Firestone & Co.* (346 Mass. 255) (Carroll d/b/a Cozy Kitchen rather than Carroll d/b/a Kozy Kitchen).

In contrast to the above cases containing '' minor errors '', the case at bar illustrates an error in filing which would be seriously misleading to one searching for the name Ran*a*lli. The code requires financing statements to be filed alphabetically and a searcher would not find any statement covering the equipment in question after he had exhausted all of the Ran*a*llis. It would be unreasonable to require a searcher to check for various possible misspellings. As stated last year in *Beneficial Finance Co. of N. Y.* v. *Kurland Cadillac-Oldsmobile* (32 A D 2d 643) the purpose of a notice-filing statute is to afford protection to a creditor by furnishing to others who intend to enter into a transaction with a debtor a starting point for investigation which will result in fair warning concerning the contemplated dealing with the debtor.

A case quite similar to the instant one dealing with the misspelling of the debtor's name is *Bank of North Amer.* v. *Bank of Nutley*, 94 N. J. Super. 220, which involved a transaction with a debtor named Joseph Kapla*n*. The financing statement was filed under the name of Joseph Kapla*s*. In response to the creditor's claim that the error was minor and therefore not fatal under subdivision 5 of section 9-402, the court, applying New York State law, said at page 226: '' That error was seriously misleading since it deprived subsequent creditors about to furnish credit to Kaplan of the opportunity of discovering defendant's security interest in his car. Accord-

ingly, it is concluded that by misstating the debtor's name, the financing statement did not substantially comply with the requirements of the Code and is ineffective as to plaintiff ''. The United States District Court of Maine in *Matter of Brawn* (6 U. C. C. Rep. 1031) dealt with a misspelling of the debtor's name where the filed statement gave the name as Brown when it was in fact Brawn. The court properly stated that the duties of the filing clerk under the code were ministerial only. As a ministerial officer he was required to index the statement under the name he found in it and not to engage '' in some second guessing ''. In holding the filing ineffective the court said that it is '' just and essential that the responsibility for an error * * * be placed upon the party who commits it ''. In the instant case not only did the illegible debtor's signature cause the misfiling of the statement, but plaintiff must also bear the responsibility for not correcting the situation when it was given notice that the Department had filed the statement under the name of Ranelli. As stated above, shortly after plaintiff had filed the handwritten financing statement the plaintiff received an acknowledgment-copy of the statement from the Department of State. An examination of it would have clearly shown that the debtor's name was misspelled and, therefore, misindexed. The plaintiff's failure to take any action to correct the misspelling justifies placing the loss on it rather than on the good faith purchaser of the equipment.

Plaintiff also contends that Special Term erred in granting defendant summary judgment, arguing that an issue of fact is presented as to whether a routine search would uncover the Ranelli card in the Department's file. Whether the filing in the instant case substantially complied with the requirements of section 9–402 is a question of law and not of fact, which turns on what a standard search would disclose and not on what any particular search would uncover. Furthermore, we place no materiality on any searches made in this case, for they were tainted by prior investigation and made after institution of litigation. The provisions of the code were written in terms of whether the errors are misleading rather than whether they, in fact, misled. If the latter result had been intended by the Legislature, it would have been a simple matter to have drafted such an appropriate provision. As presently written, the law requires no proof that any search was made, but simply provides the steps which must be taken in filing to perfect a security interest.

The orders denying plaintiff's cross motion to dismiss the defenses and for summary judgment and granting defendant's motion for summary judgment dismissing the complaint should be affirmed.

DEL VECCHIO, MARSH, WITMER and HENRY, JJ., concur.

Orders unanimously affirmed, with costs.