In the Matter of Barbara Mary McCORMICK, Debtor.

William WINSHALL, Trustee, Plaintiff,

v.

Barbara Mary McCORMICK and Barry J. McCormick, Defendants.

Bankruptcy No. 81–00816–B.
Adv. No. 81–0653–B.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Nov. 10, 1982.

Professional Legal Centers, P.C. by Richard H. Mason, Detroit, Mich., for debtor.

William Winshall, Southfield, Mich., for trustee.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

This action involves the question as to what documentation satisfies the security agreement requirement of the Uniform Commercial Code.

Barbara Mary McCormick (debtor) borrowed approximately $5,000 from a Barry J. McCormick (creditor) to purchase a 1980 AMC automobile. The debtor applied to the secretary of state for the registration of the vehicle and the issuance of a certificate of title. In that application, the debtor stated that Barry J. McCormick was the holder of a security interest in the vehicle and his name was listed on the certificate of title as a secured creditor. The debtor did not, however, execute a formal document denominated "security agreement." On February 17, 1981, the debtor filed a voluntary Chapter 7 bankruptcy petition and claimed the automobile as exempt. The trustee contends that since the debtor did not execute an agreement denominated "security agreement," the security interest of Mr. McCormick, by virtue of section 9–301(1)(b) of the Uniform Commercial Code [1] is subject to attack by a lien creditor and, therefore, subject to attack by the trustee pursuant to section 544(a)(1) of the Bankruptcy Code.[2] In addition, the trustee seeks to preserve the avoided lien for the benefit of the estate. 11 U.S.C. § 551.

The trustee's complaint is based on the assumption that the debtor did not execute a security agreement. A security interest in property of the debtor is not enforceable against him or third parties unless "the debtor has signed a security agreement which contains a description of the collateral." § 9–203(1)(b).[3] Therefore, if in fact the debtor did not execute a security agreement, there would be no security interest for the trustee to avoid, and the court would be required to dismiss the trustee's complaint and allow the debtor's claim of exemption. However, the trustee's assumption that the debtor did not execute a security agreement, an assumption acceded to by the debtor for what is now an obvious reason, is unwarranted. The trustee's complaint must still be dismissed but for reasons other than the reason advanced by the trustee.

The Michigan Motor Vehicle Act provides that an owner of a vehicle subject to registration under the Act "shall make application to the secretary of state for the registration of the vehicle and issuance of a certificate of title for the vehicle." Mich. Comp.Laws § 257.217(1). The application for the certificate of title must bear the signature of the owner. The application is required to contain:

(a) The name, bonafide residence, and mailing address of the owner or business of a firm, association or corporation.

(b) A description of the vehicle including the make or name, style of body, model year; . . . .

(c) A statement of the applicant's title and the names and addresses of the holders of security interests in the vehicle and

---

1. Section 9–301(1)(b) reads as follows:
   [A]n unperfected security interest is subordinate to the rights of . . . a person who becomes a lien creditor before the security interest is perfected. § 9–301(1)(b).

2. Section 544(a)(1) reads as follows:
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists.

3. Section 9–203(1)(b) also provides that the security interest does not attach unless value has been given and the debtor has rights in the collateral. There is no contention that both of these conditions have not been satisfied.

**720**

in an accessory to the vehicle, in the order of their priority.

(d) Further information which the secretary of state reasonably requires to enable the secretary of state to determine whether the vehicle is lawfully entitled to registration and the owner entitled to a certificate of title.

*Id.*

■■■ Under the Uniform Commercial Code, a security agreement is defined as "an agreement which creates or provides for a security interest." U.C.C. § 9–105(1)(*l*). An agreement is defined as "the bargain of the parties in fact as found in their language or by implication from other circumstances." § 1–201(3). "No magic words or precise form are necessary to create or provide for a security interest so long as the minimum formal requirements of the Code are met." *Nolden v. Plant Reclamation (In re Amex Development Corp.)*, 504 F.2d 1056, 1058 (9th Cir. 1974). It is not necessary that the debtor sign a formal document denominated "security agreement." Any writing, "regardless of the label, which adequately describes the collateral, carries the signature of the debtor, and establishes that in fact a security interest was agreed upon, would satisfy both the formal requirements of the statute, and the policies behind it. *In re Numeric*, 485 F.2d 1328, 1331 (1st Cir.1973). The debtor's application for a certificate of title was signed by the debtor, contained a description of the collateral and listed the name of the secured creditor. The application submitted by the debtor to the secretary of state constitutes a security agreement within the meaning of sections 1–201(3), 9–105(1)(*l*), and 9–203(1)(a) of the Uniform Commercial Code. Moreover, it is not necessary to rely solely on the applica-

tion to reach this conclusion. The application for the certificate of title, when read together with the certificate issued listing Barry J. McCormick as a secured creditor, clearly satisfies the Code's security agreement requirement. *Baystate Drywall Inc. v. Chicopee Savings Bank,* 385 Mass. 17, 429 N.E.2d 1138 (Mass.1982).[4]

Under Michigan law, perfection of a security interest in a motor vehicle is accomplished by notation of the name of the secured party on the certificate of title. U.C.C. § 9–302(3). Since the debtor executed a security agreement and the security interest was perfected, the creditor has a valid security interest not subject to attack by the debtor or the trustee.[5]

The trustee's complaint is dismissed, and the debtor's claim of exemption for the motor vehicle is allowed, but only to the extent of the debtor's equity in the collateral.

**4.** The principle that a combination of documents may be read together to determine whether the security agreement requirement of § 9–203 is satisfied is well established. *See In re Bollinger Corp.*, 614 F.2d 924 (3d Cir.1980); *In re Numeric Corp.*, 485 F.2d 1328 (1st Cir. 1973); *In re Carmichael Enters., Inc.*, 334 F.Supp. 94 (N.D.Ga.1971), *aff'd per curiam* 460 F.2d 1405 (5th Cir.1972); *In re Fibre Glass Boat Corp.*, 324 F.Supp. 1054 (S.D.Fla.) *aff'd per curiam* 448 F.2d 781 (5th Cir.1971); *In re Cen-*

*ter Auto Parts,* 6 U.C.C.Rep.Serv. (Callaghan) 398 (D.Cal.1968); *Komas v. Small Business Admin.,* 71 Cal.App.3d 809, 139 Cal.Rptr. 669 (1977); *Casco Bank & Trust Co. v. Cloutier,* 398 A.2d 1224 (Me.1979). *See generally,* 1 G. Gilmore, *Security Interests in Personal Property* § 11.4 (1965).

**5.** The secured creditor was not represented by counsel and has not filed an answer or other responsive pleading.