OPINION OF THE COURT
John R. Tenney, J.
Plaintiff seeks an order pursuant to CPLR 7102 to permit the Sheriff to seize a chattel (a farm tool) in defendant’s possession. It appears that plaintiff sold the chattel to one Zabele. It filed a UCC 1 financing statement which described the chattel as follows: "1 u noble 7 shank chisel plow 101278”. The chattel in defendant’s possession, purchased from Zabele, contains an identification plate which states:
*924 "LEAR SIEGLER INC.
Noble Division
"CHISEL TILLAGE TOOL
"Type 0330000 Serial No. 0001555”
CPLR 7102 (c) requires that plaintiff demonstrate his entitlement to possession of the chattel and subdivision (d) requires that the court must first make a "finding that it is probable the plaintiff will succeed on the merits”. Plaintiff’s probability of success on the merits hinges on whether or not the erroneous description of the chattel, contained in UCC 1, is nevertheless sufficient under UCC 9-402. Under subdivision (8) of that section, a description is effective even if "it contains minor errors which are not seriously misleading” to the third-party purchaser.
Section 9-402 does not require exactitude in describing the collateral. Its purpose is to "put the public generally on notice of a prior interest in collateral so that inquiry can be made”. (Bank of Utica v Smith Richfield Springs, 58 Misc 2d 113, 114.) Thus, some very general descriptions have been held sufficient for purpose of inquiry notice. (E.g., Girard Trust Corn Exch. Bank v Lepley Ford, 13 Pa D & C 2d 119, 1 UCC Rep Serv 500 [CP 1957] ["passenger and commercial automobiles” held satisfactory]; Matter of Fibre Glass Boat Corp., 324 F Supp 1054, 1055 [" 'all inventory used in the production of boats’ ” held satisfactory].) Had the only discrepancy in this case been between the narrative descriptions, plaintiff would likely prevail.
However, here plaintiff attempted to be more exact by including the serial number, but failed. As the court stated in In re Aragon Indus. (14 UCC Rep Serv 1218, 1221-1222 [US Dist Ct, SD Fla 1973]): "[W]here a secured party * * * make[s] use of serial numbers [in describing collateral] in a multiple item transaction, it runs the risk of subjecting its security interest to attack if it does so incorrectly.” Here, the serial numbers are not even close and a person, reviewing UCC 1, would not be required to make inquiry of plaintiff as to its interest in the chattel. Thus, plaintiff has not demonstrated a probability of success and its request for relief must be denied.